IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PREMIER PAINTING, ET AL, | ) |
| | ) |
| Plaintiffs, | ) Case No. CV05-377-S-EJL |
| | ) |
| vs. | ) MEMORANDUM ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

Pending before the Court in the above-entitled matter is Defendant's motion for summary judgment. The motion was filed on August 2, 2006. As of January 18, 2007, no response has been filed by Plaintiffs. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

**Failure to Respond to Motion**

District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after service upon the party of the motion and memorandum by the moving party.[1] The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(e).

_____

[1]D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely.  (Emphasis added.)

However, pursuant to <u>United States v. Real Property Located at Incline Village</u>, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless movant's paper are sufficient to support the motion or on their face the movant's papers reveal no genuine issue of material fact. <u>See also</u> <u>Marshall v. Gates</u>, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial).  Accordingly, the Court will evaluate the motion for summary judgment on the merits.

### Summary Judgment Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure.  Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. <u>See</u> <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 322 (1986).  If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Id.</u> at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine."  An issue is "material" if it affects the outcome of the litigation.  An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties'

---

[2]  <u>See also</u>, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

differing versions of the truth at trial." <u>Hahn v. Sargent</u>, 523 F.2d 461, 464 (1st Cir. 1975) (<u>quoting</u> <u>First Nat'l Bank v. Cities Serv. Co. Inc.</u>, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. <u>See, e.g.</u>, <u>British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund</u>, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

(1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

<u>Id.</u> at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Hughes v. United States</u>, 953 F.2d 531, 541 (9th Cir. 1992).

**Factual Background**

Plaintiffs filed the complaint in this case seeking review of the Internal Revenue Service's ("IRS") Collection Due Process determination regarding the Plaintiffs' tax liabilities where the IRS rejected the Plaintiffs' Offers in Compromise. Plaintiffs argue the IRS's rejection of their Offers in Compromise were unreasonable and based upon erroneous facts. In particular, the Plaintiffs assert that they had filed the requisite Forms 1065 and 940 and that the Settlement Officer's denial of the Offer in Compromise was based on collection potential figures of the Plaintiffs that were far in excess of the Plaintiffs' actual collection potential. In the motion for summary judgment, the Defendant maintains that the required forms were not filed at the time of the rejection of the Offer in Compromise and that even if Plaintiffs' collection potential figures are correct, the Settlement Officer was reasonable in refusing the Offer in Compromise because the offer was clearly inadequate.

**Analysis**

Prior to the issuance of an administrative tax levy, the IRS must give a taxpayer notice or an opportunity for a Collection Due Process ("CDP") hearing before the IRS Office of Appeals. <u>See</u> 26 U.S.C. § 6330(a), (b). In making the CDP determination, the IRS must consider: 1) verification

MEMORANDUM ORDER - Page 3
07ORDERS\PREMIER_DIS.WPD

that the laws and procedure have been followed, 2) issues properly raised during the CDP hearing process, and 3) whether the proposed IRS collection actions balance the need for efficient tax collection with legitimate concerns of the tax payer that any collection action be no more intrusive than necessary.  See 26 U.S.C. § 6330(c)(3)(C).  Following the IRS's determination at the CDP hearing, the taxpayer may appeal the matter to an appropriate court whereupon the court will review the CDP determination applying an "abuse of discretion" standard.  See Olsen v. United States, 411 F.3d 144, 150 (1st Cir. 2005); see also H.R. Conf. Rep. No. 105-599, at 266 (1988) on Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3401, 112 Stat. 685.  Thus, the court undertakes a review to determine whether the IRS's determination is based on the three considerations in 26 U.S.C. § 6330 and was not an abuse of discretion.

Here, the Plaintiffs have not challenged their tax liability but, instead, contest the Settlement Officer's rejection of Plaintiffs' Offer in Compromise.  Plaintiffs assert two basis for their challenge. First, that they had complied with the requirements for filing of IRS Forms 1065 and 940 for the tax year 2004.  Second, that the Settlement Officer relied upon erroneous collection potential figures.

1)      Filing of the Necessary IRS Forms:

The Settlement Officer rejected the Offer in Compromise based in part on the fact that the Plaintiffs were not in compliance with the return filing requirements as the Plaintiffs had failed to file IRS Forms 940 and 1065 for the tax year 2004.  Plaintiffs' complaint simply alleges that "Said tax returns had, in fact, been filed at the time of the Notice of Determination."  (Dkt. No. 1, p. 3). Defendant maintains the forms and returns were requested by the Settlement Officer and not provided at the time the Notice of Determination was issued.  (Dkt. No. 16).  As such, Defendant argues the Settlement Officer's determination that the Plaintiffs were not in compliance was not an abuse of discretion.  The Court agrees.  The Defendant has offered evidence that the forms were not filed at the time the IRS made its determination and, therefore, no valid or reasonable offer or collection alternatives were available.  (Dkt. No. 16).  The Plaintiffs' allegation in the complaint that they had filed "tax returns" is insufficient.  "The non-moving party may not rely on conclusory allegations or unsubstantiated speculation."  Byrnie v. Cromwell Bd. Of Educ., 243 F.3d 93, 101 (2nd Cir. 2001).  On August 5, 2004 IRS issued its Notice of Determination (Dkt. No. 16, Exhibit

C) and on April 18, 2005 the IRS denied the Plaintiffs' appeal of the same (Dkt. No. 16, Exhibit A). (Dkt. No. 1, Exhibit A). At the time of the appeal neither the Form 940 or 1065 were filed for the tax year 2004 as evidenced by the Defendant's submissions. (Dkt. No. 16). Accordingly, the Court finds the Settlement Officer's rejection based on the Plaintiffs' noncompliance with the filing requirements was not an abuse of discretion.

2)      Collection Potential Figures:

The Plaintiffs' outstanding tax liabilities exceeds $264,000. Plaintiffs do not dispute their tax liability. Instead, Plaintiffs challenge the Settlement Officer's denial of their Offer in Compromise arguing it was based on the wrong collection potential of, in particular, Brian Meyer which was $28,975; not the $99,609 cited by the Settlement Officer. Defendant maintains that even if the collection potential of Mr. Meyer was wrong, the Plaintiffs' Offer in Compromise of $8,080 is inadequate in light of the amount of tax liability owed and was properly rejected by the Settlement Officer. This Court agrees. An offer of $8,080 to satisfy a $264,000 tax liability is woefully inadequate and the Settlement Officer's rejection was not an abuse of discretion. Further, the collection potential figures for Brian Meyer as $28,975 was not in the IRS's possession at the time of its determinations and, therefore, the IRS did not abuse its discretion in rejecting the Offer in Compromise. Likewise, the Plaintiffs assertion regarding the collection potential of Dennis Valentine and Mary Chant is insufficient to substantiate their claim or preclude entry of summary judgment. (Dkt. No. 1) ("A similar situation occurs with regard to Dennis Valentine and Mary Chant. Dennis Valentine and Mary Chant's collection potential is not $138,336.00") (emphasis in original); See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

3)      Conclusion:

The Defendant here has shown the absence of a genuine issue of material fact as to the merits of their motion for summary judgment. Thus, the burden shifted to the Plaintiffs to set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Service, 809 F.2d at 630 (citations omitted). "The nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment. Instead, the nonmoving party must set forth, by affidavit or as

otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial...it must produce at least some 'significant probative evidence tending to support the complaint.'" <u>Id.</u> (citations omitted).  Plaintiffs here did not file a response to the motion and the allegations in the complaint are insufficient to satisfy this burden.  Further, the Court has reviewed the record in this matter and determined that the IRS's determinations to reject the Plaintiffs' settlement offers were well founded and not an abuse of discretion.  Accordingly, the Court will grant the Defendant's motion for summary judgment in this matter and enter judgment in favor of the United States and affirm the determination made by the IRS in this matter.

## ORDER

Being fully advised in the premises, the Court hereby orders that Defendants' motion for summary judgment (Dkt. No. 14) is **GRANTED**.

DATED:  **January 18, 2007**

Honorable Edward J. Lodge
U. S. District Judge

MEMORANDUM ORDER - Page 6
07ORDERS\PREMIER_DIS.WPD